

FILED
2016 Jan-14  AM 10:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **OLIVIA OSBORNE,** )<br>)<br>   **Plaintiff,** )<br>)<br>**vs.** )<br>)<br>**VINCENT CHEATHAM, et al.,** )<br>)<br>   **Defendants.** )<br>) | Civil Action Number<br>**2:13-cv-01991-SGC** |

## ORDER

On September 30, 2015, the magistrate judge entered a report and recommendation, doc. 24, regarding a motion to dismiss filed by defendants Warden Shirley Smith and Commissioner Kim Thomas, doc. 2. The parties were allowed fourteen (14) days in which to file objections to the recommendation made by the magistrate judge. On October 14, 2015, plaintiff Olivia Osborne objected to the magistrate judge's report and recommendation. Doc. 28.

Having reviewed the pleadings, the briefs, the magistrate's report, and the recommendation, the court hereby **ADOPTS** the recommendation of the magistrate judge. Even if Osborne is correct that the statutes of limitation for the negligence and outrage claims against Warden Smith in her individual capacity had not expired because Warden Smith's alleged imposition of birth control on

Osborne constituted a continuous tort, *see, e.g.*, *Moon v. Harco Drugs, Inc.*, 435 So. 2d 218, 220-21 (Ala. 1983) (noting that a "continuous tort" could include "when there is a 'single sustained method pursued in executing one general scheme'") (citations omitted), these claims still fail. First, Osborne's negligence claim fails by its very terms because an officer's negligent actions are protected by state-actor immunity.[1] *See Ex parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000); *see also Giambrone v. Douglas*, 874 So. 2d 1046, 1057 (Ala. 2003) ("The immunity afforded State agents . . . is not abrogated for negligent and wanton behavior; instead, immunity is withheld only upon a showing that the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority."). Therefore, Osborne's negligence claim against Warden Smith cannot survive. Second, as to Osborne's outrage claim, although—as the magistrate judge noted—the allegations against Warden Smith "are outrageous in the colloquial sense," doc. 24 at 17, the actions alleged here fall outside of the three, arguably four, narrow contexts in which Alabama courts have recognized the tort of outrage: "wrongful conduct in the family-burial context," *Little v. Robinson*, 72 So. 3d 1168, 1172 (Ala. 2011) (citing *Whitt v. Hulsey*, 519 So. 2d 901) (Ala. 1987));

---

[1] Osborne apparently contends that state agent immunity does not apply because Smith was purportedly acting "willfully, maliciously, fraudulently, and in bad faith" when negligently failing to do her duties. Doc. 4 at 6-7. The court reminds Osborne that, on a motion to dismiss, the court is restricted to the averments made in the complaint, *see St. George v. Pinellas Cnty*, 285 F.3d 1334, 1337 (11th Cir. 2002) (noting that, with a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint") (citation omitted), and that her claim against Agent Warden Smith is a garden variety negligence claim. *See* doc. 1 at ¶ 35.

"barbaric methods employed to coerce an insurance settlement," *id.* (citing *Nat'l Sec. Fire & Cas. Co. v. Bowen*, 447 So. 2d 133) (Ala. 1983)); and "egregious sexual harassment,"[2] *id.* (citing *Busy v. Truswal Sys. Corp.*, 551 So. 2d 322 (Ala. 1989)). Because Osborne does not argue and the court does not find that Warden Smith's actions fall within any of these categories, this claim is similarly due to be dismissed.

Accordingly, Warden Smith and Commissioner Thomas's motion, doc. 2, is **GRANTED** as to: (1) all claims asserted against any defendant, including Vincent Cheatham, in their respective official capacities; (2) all claims against Commissioner Thomas; and (3) all claims against Warden Smith for negligence, outrage, and negligent hiring and supervision. The motion to dismiss is due to be **DENIED** as to the claim for deliberate indifference brought against Warden Smith in her individual capacity.

**DONE** the 14th day of January, 2016.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[2] *See also O'Rear v. B.H.*, 69 So. 3d 106, 118-19 (Ala. 2011) (affirming an outrage judgment against a physician who, when asked by a teenage boy's mother to counsel the boy about the unhappiness he experienced as a result of his parents' divorce, instead began exchanging addictive prescription drugs for sex for a number of years, resulting in the boy's drug addiction).