# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **OLIVIA OSBORNE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  2:13-cv-01991-SGC** |
| | ) | |
| **VINCENT CHEATHAM, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Olivia Osborne alleges that, while incarcerated at the Birmingham Work Release Center ("BWRC"), she was repeatedly harassed, attacked, and raped by defendant Vincent Cheatham, a prison guard.  Following disposition of the motion to dismiss filed by defendants Shirley Smith and Kim Thomas, the only remaining claims are the individual capacity claims against Cheatham and Smith, the warden of the BWRC.  Doc. 32.  Relevant here, the plaintiff's sole surviving claim against Warden Smith is for deliberate indifference.  *Id*.  Presently before the court is Warden Smith's motion for summary judgment, doc. 74, which the plaintiff states that she does not contest, *see* doc. 76.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact or by showing that the nonmoving party cannot present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322–23. Once the moving party has met its burden, Rule 56 requires the nonmoving party to go beyond the pleadings and point to specific facts on the record showing a genuine issue for trial. *Id.* at 324. Even where a motion is unopposed, a movant must show entitlement to entry of summary judgment. *See Williams v. Hunt Ref. Co.*, No.11-1096-SLB, 2014 WL 804016, at *1 (N.D. Ala. Feb. 27, 2014).

Applying these standards to this case and considering the motion for summary judgment and supporting evidence, the court concludes Warden Smith has demonstrated the absence of a genuine issue as to any material fact and that she is entitled to judgment as a matter of law. Specifically, the undisputed facts show that Warden Smith: (1) is not liable for deliberate indifference under the Eighth Amendment; and (2) is entitled to qualified immunity. Accordingly, Warden Smith's motion for summary judgment, doc. 74, is **GRANTED**, and all claims against her are **DISMISSED WITH PREJUDICE**.

**DONE** the 4th day of May, 2017.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE